UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| BLAKE REYES, | ) | Civ. 11-4074-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER DISMISSING CASE |
| | ) | |
| VICKEY RECKER, Minnehaha County Public Defender, | ) ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Blake Reyes, has filed a pro se civil rights lawsuit pursuant to 42 U.S.C. § 1983 against defendant, Vickey Recker, Minnehaha County Public Defender. Reyes alleges Recker violated his rights when she refused to file a writ of habeas corpus on his behalf after he was arrested in Sioux Falls, South Dakota, and while he was held waiting extradition to Plymouth County, Iowa, to stand trial for burglary. For this violation, Reyes seeks $50 million in compensatory damages and $50 million in punitive damages. Reyes also moves to proceed in forma pauperis in his lawsuit.

The Prison Litigation Reform Act (PLRA), 28 U.S.C. 1915, requires prisoners to make an initial partial filing payment where possible, even if in forma pauperis status is sought. When an inmate seeks in forma pauperis status, the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan. *Henderson v. Norris,* 129 F.3d 481, 483 (8th Cir. 1997) (internal

citations omitted). Determination of the partial filing fee is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

(A) the average monthly deposits to the prisoner's account; or
(B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Reyes has indicated the average of the monthly deposits to his account is $37.97 and the average monthly balance of his account is $169.50. Reyes must make an initial partial filing fee of $33.90, which is 20 percent of $169.50. Accordingly, Reyes is granted in forma pauperis status.

But the inquiry does not end there. The PLRA also requires this court to "screen" Reyes' complaint to determine whether it should be dismissed. Section 1915 provides that an action must be dismissed if the court determines the claim "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Reyes seeks monetary damages for his court-appointed attorney's performance, alleging that she violated "[his] federal constitutional right to have a writ of habeas corpus filed in county court to prove I should be freed from jail and the extradition dropped." Docket 1 at 4.

To state a claim for relief under § 1983, a plaintiff must allege sufficient facts to show "(1) that the defendants acted under color of state

law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (internal citations omitted). A public defender does not act under color of state law when acting as counsel to a defendant in a criminal proceeding. *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-35 (1981). Accordingly, Reyes has failed to state a claim upon which relief may be granted and dismissal is appropriate. *See Townsend v. Jacks*, No. 11-1023, 2011 WL 2162892 (8th Cir. June 3, 2011) (affirming district court's dismissal of a prisoner's § 1983 action against his former state public defender). Therefore, Reyes' claim is dismissed.

Despite the dismissal of Reyes' case pursuant to the screening procedures of § 1915, Reyes is still obligated to pay the filing fee. *See In Re: Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997). The obligation to pay a filing fee accrues the moment a plaintiff files his complaint with the court, and it cannot be avoided merely because the case is eventually dismissed. *See In Re: Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) (prisoner will be assessed full filing fee even if his case is dismissed because "the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."). Therefore, it is

ORDERED that Reyes' motion to proceed in forma pauperis (Docket 2) is granted.

IT IS FURTHER ORDERED that Reyes' complaint is dismissed pursuant to 28 U.S.C. § 1915 and Reyes' motion for the appointment of counsel (Docket 4) is denied as moot. Reyes is advised that he has been assessed a "strike" under the Prison Litigation Reform Act.

IT IS FURTHER ORDERED that the institution having custody of the plaintiff is directed that whenever the amount in plaintiff's trust account exceeds $10, monthly payments that equal 20 percent of the funds credited the preceding month to the plaintiff's trust account will be forwarded to the U.S. District Court Clerk's Office pursuant to 28 U.S.C. § 1915(b)(2), until the filing fee is paid in full. Plaintiff is advised the fee for filing this civil action is $350 and that he remains fully responsible for the fee.

Dated June 20, 2011.

       BY THE COURT:

       /s/ *Karen E. Schreier*
       KAREN E. SCHREIER
       CHIEF JUDGE